DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, appeals from the judgment of the Summit County Court of Common Pleas granting Appellee's motion in limine. This Court reverses.
 I. {¶ 2} Appellee, Barry Lee, was indicted for one count of rape, a violation of R.C. 2907.02 and two counts of domestic violence, violations of R.C. 2919.25. These charges were brought as a result of an alleged incident involving Appellee's wife, R.B. When R.B. was examined by a sexual assault nurse, she detailed that her husband had strangled her and beaten her with a belt. She went on to note that Appellee then retrieved a knife from the kitchen and demanded that she perform oral sex on him. Following that, Appellee then forced R.B. to have vaginal sex.
 {¶ 3} As Appellee's trial approached, R.B. indicated that she would invoke her marital privilege and not testify against Appellee. As a result, Appellee filed a motion in limine to exclude the sexual assault nurse from testifying about statements made by R.B., arguing that the recent U.S. Supreme Court case, Crawford v. Washington (2004),124 S.Ct. 1354, compelled the conclusion that such statements were inadmissible. Prior to deciding the motion, the trial court heard testimony from Jenifer Markowitz, the coordinator for the Victim Services of the DOVE program, and Chris Klinglesmith, the nurse who performed the exam on R.B. Upon hearing the evidence, the trial court determined that the statements made by R.B. were testimonial in nature, and as such the sexual assault nurse could not reiterate those statements without violating the Confrontation Clause of the U.S. Constitution. The State timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court committed error when granting the defendant's motion in limine and suppressing statements given by a patient to a nurse during a medical examination."
 {¶ 4} In its sole assignment of error, the State contends that the trial court erred in finding that the victim's statements to Nurse Klinglesmith were testimonial and excluding them under Crawford. This Court agrees.
 {¶ 5} The Sixth Amendment to the U.S. Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]" InCrawford, the U.S. Supreme Court explained that the Confrontation Clause detailed the distinct approaches to be taken regarding statements which are testimonial or nontestimonial:
"Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law — as does [Ohio v. Roberts (1980), 448 U.S. 56], and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, theSixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Crawford, 124 S.Ct. 1354, 1374.
As such, this Court must first determine whether the statements at issue are testimonial. In Crawford, the Court declined to give a comprehensive definition of testimonial, instead giving three formulations without adopting any. Id. at 1364. However, the Sixth Circuit has adopted a test to determine whether statements are testimonial for purposes of the Sixth Amendment. See U.S. v. Cromer
(C.A.6, 2004), 389 F.3d 662. In Cromer, the Sixth Circuit held that statements are testimonial if they are "made in circumstances in which a reasonable person would realize that it likely would be used in investigation or prosecution of a crime." Id. at 673, quoting Richard D. Friedman Bridget McCormack, Dial-In Testimony (2002), 150 U.Pa. L.Rev. 1171, 1240-41.
 {¶ 6} As such, we must examine whether under the facts surrounding the victim's examination, a reasonable person would have realized that those statements would likely be used in investigation or prosecution of a crime. We find that a reasonable person under these circumstances would have no reason to believe that her statements made to medical counselor would later be used at trial.
 {¶ 7} In her testimony, Nurse Markowitz went into great detail about the policies and procedures of the DOVE unit which specializes in rape and domestic violence counseling. She indicated that a detailed description of the events are crucial to a successful examination, giving the nurse the knowledge necessary to conduct a thorough examination. Nurse Klinglesmith then testified as to the specifics of the victim's case. The record indicates that the victim first went to the police and was then sent to DOVE. However, no officers accompanied her to DOVE, nor were any officers present during her examination. Upon arriving at DOVE, the victim was asked to sign a medical consent form which reads as follows:
"I voluntarily consent to this forensic examination and collection of evidence. I have received a detailed description of the steps of the process and understand that I may withdraw my consent to any or all parts of this examination at any time. I authorize the release of evidence, information (including protected health information), clothing, colposcope photos, and photography documentation of injuries to a law enforcement agency for use only in the investigation and prosecution of this crime. I understand that if release of the Sexual Assault Evidence Collection Kit is not authorized, the kit will be kept at the SANE Unit for sixty days and then destroyed."
Notably absent from this consent form is any reference to the victim's oral statements. Despite Appellee's repeated assertions that this consent includes statements made by the victim, the plain language of the consent form references categories of physical evidence. The only arguable category which may include the victim's oral statements is "information (including protected health information)." However, we must bear in mind that this a medical consent form. Without obtaining the victim's consent, the sexual assault nurse could not reveal any of her findings to law enforcement officials.
 {¶ 8} Further, the victim went to the police prior to going to DOVE. There is no doubt that her statements to the police would be wholly inadmissible under Crawford. A reasonable person in the place of a rape victim would believe that the investigatory questions asked by the police would be used at trial. However, there is no reason for a rape victim to believe that when she reiterates those same statements to a sexual assault nurse that they will be used for anything other than treatment. As such, upon being referred to DOVE and signing a medical consent form, a reasonable person would believe that DOVE served two functions: 1) providing medical treatment to the victim; and 2) preserving physical evidence of the crime. The "white smock of a medical professional" is indeed relevant to our analysis. The victim in these cases is being treated by a nurse. In the instant case, no law enforcement officials were present at any time before, during, or after the examination. As such, there is no reason to conclude that a reasonable person under the same circumstances confronting the rape victim would believe that her nurse is acting as an investigatory arm of the State when questioning the victim about details of the crime.
 {¶ 9} Appellee has argued that the fact that the State Attorney General reimburses DOVE for the costs of its rape kits "gives the DOVE Unit the look and feel of an extension of the government." However, such a fact bears little importance in our analysis. The victim here had no reason to know that DOVE was reimbursed by the State. Further, she had no reason to know of the alleged close relationship between DOVE and law enforcement. Rather, the victim only knew that she was being sent to DOVE for treatment and the collection of physical evidence.
 {¶ 10} Therefore, this Court finds that the statements given to the sexual assault nurse are non-testimonial. As such, the trial court erred in holding that Crawford would exclude the introduction of these statements. Accordingly, the State's sole assignment of error is sustained.
 III. {¶ 11} The State's assignment of error is sustained, and the judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Batchelder, J. Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)